**UNITED STATES of America,**
**Plaintiff,**

v.

**John Alford REEVES and Jerry D. Reed,**
**Defendants.**

**Cr. No. 69–64.**

United States District Court
W. D. Oklahoma.

Aug. 22, 1969.

John Green, Asst. U. S. Atty., Western District of Oklahoma, Oklahoma City, Okl., for plaintiff.

Warren Crane, Lawton, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

The Defendants have moved to dismiss the indictment herein claiming that by paying the required federal special tax to carry on the business of a retail dealer in liquors they are compelled to incriminate themselves by acknowledging that they are violating the anti-saloon provisions of Oklahoma law. It appears that the Defendants operate a private club in Lawton, Oklahoma and in their club operation the defendants were found to be selling their liquor at retail. This makes them subject to the special tax imposed by the federal government. It also violates Oklahoma law prohibiting the open saloon.

Defendants are charged with violating 26 U.S.C. § 5691(a) which provides:

"Any person who shall carry on the business of a brewer, rectifier, wholesale dealer in liquors, retail dealer in liquors, wholesale dealer in beer, retail dealer in beer, limited retail dealer, or manufacturer of stills, and willfully fail to pay the special tax as required by law, shall be fined not more than $5,000, or imprisoned not more than 2 years, or both, for each such offense."

A retail dealer in liquors is defined in 26 U.S.C. § 5122(a) as follows:

"When used in this chapter, the term 'retail dealer in liquors' means any dealer, other than a retail dealer in beer or a limited retail dealer, who sells, or offers for sale, any distilled spirits, wines, or beer, to any person other than a dealer."

Oklahoma prohibits the open saloon. Article XXVII, § 4 of the Oklahoma Constitution provides:

"The open saloon, for the sale of alcoholic beverage as commonly known prior to the adoption of the Eighteenth Article of Amendment to the Constitution of the United States of America, is hereby prohibited.

The words 'open saloon' shall mean:

Any place, public or private, wherein alcoholic beverage is sold or offered for sale, by the drink; or, sold, offered for sale, or kept for sale, for consumption on the premises.

Retail sales of alcoholic beverage shall be limited to the original sealed package, by privately owned and operated package stores, in cities and towns having a population in excess of two hundred. No goods, wares or merchandise shall be sold and no services shall be rendered in the same premises on which alcoholic beverages are sold. Premises are herein defined to be the entire space in which alcoholic beverages are sold or displayed and said premises must be separated from any premises on which any other goods, wares or merchandise are sold or services rendered by walls which may only be broken by a passageway to which the public is not admitted. Not more than one retail license shall be issued to any person or general or limited partnership * * *."

37 Okl.Stat. § 538 provides:

"(h) Any person who shall violate the open saloon prohibition as defined by Article XXVII of the Oklahoma Constitution shall be guilty of a misdemeanor and, upon conviction, shall be

punished by a fine not to exceed Five Hundred Dollars ($500.00), or imprisoned in the county jail not to exceed six (6) months, or both such fine and imprisonment.

(i) The payment of the special tax required of liquor dealers by the United States by any person within this State without a corresponding state license shall constitute prima facie evidence of an intention to violate the provisions of this Act."

Defendants rely on the cases of Marchetti v. United States, 390 U.S. 39, 88 S. Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968) and Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) to support their contention that by being required to pay the federal special tax as a retail liquor dealer, they are required to incriminate themselves by thereby admitting that they are open saloon operators in violation of State law. These cases are authority that a Fifth Amendment defense may be raised if timely lodged where statutes are directed to a small and select number of people who are inherently suspect of illegal activity and where the activity required to be reported on is almost certain to be illegal because the general area of activity is permeated with criminal statutes. These cases except from their ambit statutes requiring the reporting of information in connection with good faith regulatory programs of general application and good faith taxation.

Gambling, involvement with marijuana and illegal firearms touches only a small number of select people and such activities are generally outlawed in all or nearly all of the states. On the other hand, the liquor industry is an extremely large and legal industry employing a great number of people and producing considerable federal revenue through regulation and taxation.

The Court concludes that the principles forming the basis of the above mentioned cases relied on by the Defendants do not attach to the liquor industry and the federal regulations and taxation thereof including retail liquor dealers notwithstanding the possibility that Defendants in their private club operation may give evidence against themselves in paying the federal special tax as a retail liquor dealer that they are conducting an open saloon in their private club in violation of Oklahoma law. The validity and enforceability of broadly based and uniformly applied federal statutes designed for the legitimate purpose of regulating and taxing a certain lawful industry cannot be condemned because someone engaged in this lawful industry may desire to operate in contravention of some state law. Otherwise, states could nullify the taxing power of the federal government as exercised in good faith for the purpose of raising needed revenue.

The Defendants' Motion to Dismiss the Indictment is overruled this 22nd day of August, 1969.